UNITED STATES *v.* GRASER-ROTHE CO. ET AL. (No. 2214).[1]

ENVELOPES FOR PHONOGRAPH DISKS.

> Flat paper containers for phonograph disk records, being shown to be known definitely, uniformly, and generally in the trade as "record envelopes," are dutiable as envelopes under paragraph 327, tariff act of 1913, and not as manufactures of paper not specially provided for under paragraph 332.

United States Court of Customs Appeals, May 7, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45262.

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*Oscar Igstaedter*, special attorney, of counsel), for the United States.

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellees.

[1] T. D. 39631.

[Oral argument March 22, 1923, by Mr. Hoppin and Mr. Tompkins.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

SMITH, Judge, delivered the opinion of the court:

Paper containers for phonographic disks, imported at the port of Port Huron, Mich., and classified by the collector of customs as manufactures of paper not specially provided for, were assessed for duty at 25 per cent ad valorem under the provisions of paragraph 332 of the tariff act of 1913, which paragraph, in so far as pertinent, reads as follows:

PAR. 332. Papers or cardboard, cut, die cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, or other forms, and all post cards, not including American views, plain, decorated, embossed, or printed, except by lithographic process, and all papers and manufactures of paper or of which paper is the component material of chief value, not specially provided for in this section, 25 per centum ad valorem.

The importer protested that the importation was not subject to the duty imposed by the collector and made claim that the goods were flat paper envelopes not specially provided for and dutiable at 15 per cent ad valorem under the provisions of paragraph 327 of the tariff act of 1913, which reads as follows:

PAR. 327. Paper envelopes, folded or flat, not specially provided for in this section, 15 per centum ad valorem.

The Board of General Appraisers sustained the protest and the Government appealed.

The paper container in question is a flat paper article and might be denominated a paper bag were it not for the fact that a circular piece is cut out of the center.

W. H. Huttie testified on the hearing before the board that he was district manager of the Starr Piano Co. for the State of Michigan: that he was familiar with, and personally handled, the containers for more than 18 years; that the containers were bought and sold as record envelopes and that they were devoted to no other use than that of holding phonograph records; that the goods were ordered and bought from the manufacturers as record envelopes and were sold and billed by the importers to dealers as envelopes. He said that prior to the hearing bids had been invited for 10,000 of the containers and that the eight concerns bidding for the paper containers designated them as envelopes. The bids referred to those with a string as carrying envelopes and to those open at the end as stock envelopes.

Elmer I. Paulding, another witness for the importer, testified that he was manager of the Starr Piano Co., of Cincinnati, and that he had been with the firm for 25 years; that he was familiar with the paper containers of disk records ever since disk records "came out";

that in placing orders for such containers he always designated them as record envelopes; that the record envelopes were sold by his firm to dealers; and that the record envelopes were of two kinds, one the open-stock envelope and the other the string-tie envelope.

The board found on this testimony that the imported goods were commercially known and recognized in the trade and commerce of the country as a record envelope and that they were therefore dutiable as claimed in the protest.

The testimony in the case is uncontradicted and was sufficient to establish that the merchandise was definitely, uniformly, and generally, and not partially, locally, or personally bought and sold in the trade as record envelopes.

The decision of the board must therefore be *affirmed.*